IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUBEN GEOVANNY HERNANDEZ, | § | |
| TDCJ No. 2065208, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:20-cv-1270-G-BN |
| | § | |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S QUESTIONNAIRE TO THE PETITIONER

To:    Ruben Geovanny Hernandez
       TDCJ No. 2065208
       TDCJ Telford Unit
       3899 State Highway 98 South
       New Boston, TX 75570

DIRECTIONS: Petitioner Ruben Geovanny Hernandez must answer the following questions in the space provided for answers and may attach additional pages only if necessary. Petitioner must also verify the answers to these questions under penalty of perjury on the signature line at the conclusion of the questions and return the completed form to the undersigned United States magistrate judge no later than **June 22, 2020**. Failure to timely provide complete and verified answers to all questions may result in the dismissal of the petition for failure to prosecute and obey an order of the Court under Federal Rule of Civil Procedure 41(b).

During the pendency of this action, Petitioner must also immediately advise the Court of any change of address and its effective date. A notice of a change of

address shall be captioned "NOTICE TO THE COURT OF CHANGE OF ADDRESS" and shall contain only information regarding the change of address and its effective date and shall not contain any motion or request for any other relief. Failure to file a Notice to the Court of Change of Address may also result in the dismissal of the petition for failure to prosecute and obey an order of the Court under Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: May 22, 2020

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

**QUESTION NO. 1:** The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). That limitations period runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state postconviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

Through this action, you appear to challenge your Hunt County conviction for possession of cocaine in an amount exceeding 400 grams, for which you received a sentence of 15 years of imprisonment. *See State v. Hernandez*, Trial Court No. 30,832 (354th Dist. Ct., Hunt Cnty., Tex.); Dkt. No. 3 at 2. This criminal judgment was affirmed as modified on direct appeal in 2017. *See Hernandez v. State*, No. 06-16-

- 3 -

00074-CR, 2017 WL 1173898 (Tex. App. – Texarkana Mar. 29, 2017, pet. ref'd); Dkt. No. 3 at 3. And the Texas Court of Criminal Appeals (the "CCA") refused your petition for discretionary review on September 13, 2017. *See id.*

It appears that you then sought state habeas relief. But records available from Hunt County reflect that you did not file your state habeas petition until January 2020 – more than two years after your conviction became final. And you allege that the CCA denied that application without written order later the same year. *See* Dkt. No. 3 at 4.

It therefore appears that your federal habeas petition is barred by the applicable statute of limitations. If you disagree, please explain why your federal habeas petition is not time-barred.

**ANSWER:**

**QUESTION NO. 2:** Please identify what (if anything) prevented you from seeking federal postconviction relief sooner.

**ANSWER:**

<u>VERIFICATION</u>

STATE OF TEXAS                    §
                                 §      No. 3:20-cv-1270-G-BN
COUNTY OF _____      §


     I understand that a false statement or answer to any interrogatories in this cause of action will subject me to penalties for perjury. I declare (or certify, verify or state) under penalty of perjury that the foregoing answers are true and correct (28 U.S.C. § 1746).


     SIGNED on this _____ day of _____, 2020.


_____
Ruben Geovanny Hernandez,
Petitioner