In the United States District Court )
)
Northern District of Texas ) No. 3:20-cv-1270-G-BN
)
Dallas Division )

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 2 2 2020
CLERK, U.S. DISTRICT COURT
By_____ Deputy

## Petitioner's Objection

With all due respect to the Court, I raise a most strong objection to the Court's Analysis, Findings, and Recommendations dated July 9, 2020.

My primary, specific objection is to the assertion that I failed to file a petition for certiorari review and, secondarily, to the notion that I also failed to file my state habeas corpus within the allotted one-year time limitation: the very bases for the disfavorable recommendation.

This inaccuracy, with regards to the petition for certiorari review, appears not only as an omission on page 2 in the synopsis detailed in the "Applicable Background" section. But also as a claim in paragraph 2 of the "Analysis" on page 6 — "Because

Hernandez did not file a petition for certiorari review...." I would suggest the contrary and submit for the Court's consideration accompanying, supporting documents (as Exhibits A thru E) to clearly demonstrate and clarify the following:

1. The petition for certiorari review was in fact filed (within 90 days after the CCA refused the PDR) on December 11, 2017 and placed on docket for December 19, 2018. See Exhibit-A.

2. No response from the Clerk of Court after 60 days of submitting the petition prompted coordination between my legal counsel (at the time), TDCJ, and the Clerk's office to locate the petition which was missing. See Exhibit-B.

3. The Clerk of the Supreme Court acknowledged that the petition for certiorari review was postmarked for December 11, 2017. See Exhibit-C.

4. My legal counsel was informed by the Clerk of the Supreme Court that my petition for certiorari review had been located and that progress was again moving in a forward direction. See Exhibit - D.

5. The petition for certiorari review was denied on February 19, 2019: the date on which judgement was final and began the one-year time limitation for filing the state habeas corpus. See Exhibit - E.

## Conclusion

One can reasonably surmise that common human error within the process has been at play in this matter in that the petition for certiorari review was missing (for a time) and, for reasons unknown, was not made available through the routine resources used by the Court.

## Prayer

It's my hope that the information I've provided will give factual clarity to this situation and pray the Court will deem it fair, reasonable, and necessary to reassess it's conclusions and recommendations.

Dated: 16 July, 2020

Respectfully Submitted,

*Ruben Hernandez*

Ruben Hernandez, Respondent, Pro se
TDCJ # 2065208
Texas Dept. of Criminal Justice
Billy Moore Unit
8500 N. FM 3053
Overton, TX 75684

# Supreme Court of the United States
## Office of the Clerk
### Washington, DC 20543-0001

Scott S. Harris
Clerk of the Court
(202) 479-3011

December 19, 2018

Mr. Ruben Hernandez
Prisoner ID 2065208
3899 State Hwy 98
New Boston, TX 75570

Re: Ruben Geovanni Hernandez
v. Texas
No. 18-7124

Dear Mr. Hernandez:

The petition for a writ of certiorari in the above entitled case was filed on December 11, 2017 and placed on the docket December 19, 2018 as No. 18-7124.

A form is enclosed for notifying opposing counsel that the case was docketed.

Sincerely,

**Scott S. Harris**, Clerk

by *[signature]*

Jacob A. Levitan
Case Analyst

Enclosures

Exhibit (A)

| | | |
|---|---|---|
| THE STATE OF TEXAS § | | |
| | SS: | AFFIDAVIT OF DENNIS KELLY |
| COUNTY OF HARRIS § | | |

    Before me, the undersigned authority, personally appeared Dennis Kelly, known to me, who states on his oath as follows: "My name is Dennis Kelly. I am over the age of 21, I have personal knowledge of the facts related herein and I am competent to testify to these facts. I am making this affidavit for the benefit of Ruben Geovanni Hernandez, prison number 2065208, who is imprisoned in the Texas prison system. I am a paralegal who does legal research, and support services for attorneys. This affidavit concerns a petition for writ of certiorari that Ruben Geovanni Hernandez ("Ruben") is filing with the Clerk of the Supreme Court of the United States.

    Ruben contacted me during the first part of February, 2018, and informed me that he had delivered his pro se petition for writ of certiorari and accompanying documents to prison mailroom officials at the Telford Unit, TDCJ-CID, on December 12, 2017, and had not heard anything in response from the Clerk of the Supreme Court, no acknowledgement from the Clerk that his certiorari petition had been filed with the Clerk. Ruben requested me to inquire of the Clerk's Office regarding his certiorari petition. During about the middle of February, 2017 I called the Clerk's Office of the Supreme Court and spoke with a Mr. Higgins. He informed me that there was no record. I subsequently contacted an assistant TDCJ-CID mailroom supervisor at the Telford Unit, at 903-628-3171. I was informed by the assistant mailroom supervisor that a legal mail 'log', which records incoming and outgoing mail of inmates, reflected that legal mail addressed to the Supreme Court of the United States was received from Ruben Geovanni Hernandez on January 12, 2017, and was delivered to U. S. Postal Authorities for transmitting the legal mailer to the Clerk of the Supreme Court. During March, 2018 I again called the Clerk's office of the Supreme Court. Mr. Higgins was not in, but I spoke to another assistant clerk, who informed me that if an inmate delivers legal mail to prison authorities within applicable time limitations, and the legal mail never reaches the clerk's office, the inmate may submit a showing that he did properly deliver his legal mail to prison mail authorities within the time permitted by court rule; and the prisoner's certiorari writ filing may be backdated when received by the Clerk of the Supreme Court.

    I then called TDCJ-CID central mail authorities in Huntsville, Texas. I was informed that a copy of the inmate mail log for December 12, 2017 for the Telford Unit would need to be obtained, and I could request a copy of it. I made a request under the Texas Open Records Act in order to obtain the Telford Unit mail log for December 12, 2017. Ruben Hernandez was in the process of getting his certiorari petition ready to be re-submitted during the latter part of March, 2018, he informed me. During the last week in March, 2018 an attorney from General Counsel's Office for TDCJ called me and informed me that legal mail logs were ordinarily not produced in response to requests under the Texas Open Records Act, and declined to produce a copy of the legal mail log for December 12, 2018 to me, showing that legal mail addressed to the clerk of the Supreme Court, from Ruben Geovanni Hernandez, had been logged as received and going out.

    Since I have been unsuccessful in obtaining a copy of the institutional mail log, I am making this affidavit for Ruben Hernandez in order to demonstrate efforts I made, which determined that Ruben's legal mail to the Supreme Court was received and logged by TDCJ mailroom personal at the Telford Unit on December 12, 2018. It is plain to me that, through no fault of Ruben's, his originally mailed certiorari petition never reached the Clerk's Office of the Supreme Court of the United States.

Exhibit (B)   P. 1 of 2

AFFIDAVIT OF DENIS KELLY, PAGE 2 OF 2

_____
DENIS KELLY, B.S., MBA, Affiant"
Contract Paralegal
2513-A Reid Street
Houston, Texas 77026

Subscribed and sworn to before me, the undersigned authority, on April_____, 2018.

_____
NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS

My Commission Expires:

Rossiland Harris
My Commission Expires
12/14/2021
ID No. 131381235

Exhibit (B)  p. 2 of 2

SUPREME COURT OF THE UNITED STATES
OFFICE OF THE CLERK
WASHINGTON, DC 20543-0001

June 1, 2018

Ruben Geovanni Hernandez
#2065208
3899 State Hwy 98
Telford Unit
New Boston, TX 75570

   RE: Hernandez v. Texas
       TXCRA No. PD-0425-17

Dear Mr. Hernandez:

The above-entitled petition for writ of certiorari was originally postmarked December 11, 2017 and received again on April 13, 2018. The papers are returned for the following reason(s):

   The notarized affidavit or declaration of indigency does not comply with Rule 39. You may use the enclosed form.

   Please correct and resubmit as soon as possible. Unless the petition is submitted to this Office in corrected form within 60 days of the date of this letter, the petition will not be filed. Rule 14.5.

   A copy of the corrected petition must be served on opposing counsel.

   When making the required corrections to a petition, no change to the substance of the petition may be made.

                                         Sincerely,
                                         Scott S. Harris, Clerk
                                         By: *[signature]*
                                         Clayton R. Higgins, Jr.
                                         (202) 479-3019

Enclosures

*Exhibit (C)*

# +T. J. SOLOMON LAW GROUP, PLLC



Principal Office:

2120 Welch Street
Houston, Texas 77019

Mailing Address:

P.O. Box 14593
Houston, TX 77221

Phone: 713-640-5956
Facsimile: 713-640-5944
attorney@tjsololaw.com
www.tjsololaw.com

June 19, 2018

Ruben Hernandez, #2065280
Telford Unit
3899 State Hwy. 98
New Boston, Texas 75570

Dear Ruben:

We received from you the letter you received from the Clerk of the Supreme Court, the In Forma Pauperis form, and you Certiorari writ materials. It was good that the Clerk's office was able to locate the certiorari writ application you sent to the Court some time ago. A member of my staff had called the Clerk's Office, on several occasions, and finally, your writ application was located.

I wanted to let you know that we sent off your Certiorari writ materials for you to the Supreme Court this day. The Clerk's office should be receiving you Certiorari writ application by the end of this week. You should be receiving notice from the Clerk's office that your writ has been filed, in a couple of weeks, and the Clerk will be sending you a form to notify the District Attorney's Office in Hunt County, Texas that your Certiorari writ has been filed.

Sincerely yours,

*Tanika J. Solomon*

Tanika J. Solomon

Cc:

Exhibit (D)

# Supreme Court of the United States
## Office of the Clerk
### Washington, DC 20543-0001

Scott S. Harris
Clerk of the Court
(202) 479-3011

February 19, 2019

Mr. Ruben Hernandez
Prisoner ID 2065208
3899 State Hwy 98
New Boston, TX  75570

Re:  Ruben Geovanni Hernandez
   v. Texas
   No. 18-7124

Dear Mr. Hernandez:

The Court today entered the following order in the above-entitled case:

The petition for a writ of certiorari is denied.

Sincerely,

*Scott S. Harris*

**Scott S. Harris**, Clerk

Exhibit (E)

December 11, 2017

Scott S. Harris, Clerk
Supreme Court of the
United States
1 First Street, N.E.
Washington, D.C. 20543

Dear Mr. Harris:

I am enclosing my pro se motion and application for leave to proceed In Forma Pauperis, and Petition For Writ of Certiorari.

I am including a 'proof of filing' to indicate the date on which I delivered my certiorari documents to prison mail officials for mailing to your office.

Very truly yours,

*Ruben Kennardz* (signature)
Ruben Geovanni Hernandez
TDCJ-CID #2065208
Telford Unit
3899 F.M. 98
New Boston, Texas 75570

December 18, 2018

Ruben Geovanni Hernandez, #2065208
Telford Unit
3899 F.M. 98
New Boston, Texas 75570

Dear Ruben:

Enclosed are two copies of your corrected In Forma Pauperis declaration, and petition for writ of certiorari. The document that is marked 'copy' is to be send by you to Mr. Noble D. Walker, District Attorney for Hunt County, Texas, 2507 Lee Street, 4th Floor, Greenville, Texas 75401. He must be served with a copy. You need not send Mr. Walker a copy of you cover letter going to the Supreme Court Clerk.

You must sign and date at all places indicated. I did not know if you were going to send your petition before the end of this year, December, so I left a line for you to print in the date at a couple of places. Sign and date your cover letter to the Clerk of the Supreme Court. Attached to your cover letter is a copy of the letter you received from Mr. Higgins. Send a copy of that letter back to the Supreme Court to remind the clerk's office of the letter Mr. Higgins wrote to you.

Sign and date the Affidavit or declaration in support of motion for leave to proceed in forma pauperis, on the last page of that declaration, at the bottom. Be sure to print in the date and sign it. Look over the indigency declaration and make any changes that might be necessary, as to amount of money or receive, for example. Sign and date the proof of delivery and the proof of service, which are the last two pages. You had already signed at a couple of places, so you don't need to sign at those places again.

Send your petition to the Supreme Court clerk as soon as you can. You have a few days, but get it sent as soon as practicable. Be sure to send the copy to Mr. Nobles.

Hope you have a positive Christmas and New Years'.

Sincerely,

Dennis Kelly,
Paralegal for Attorney
Tanika Solomon
2120 Welch Street
Houston, Texas 77019

Cc:
Enclosures

16 July, 2020

Office of the Clerk
Northern District of Texas
1100 Commerce - Rm 1452
Dallas, Texas 75242-1495



Re: Ruben Hernandez v. Lorie Davis
No. 3:20-cv-1270-G-BN

Dear Clerk,

Enclosed, please find Petitioner's Objection and exhibits (A) thru (E) in the above styled number and case. Please file these among the papers in this case and bring it to the attention of the Court. Your assistance in this matter is greatly appreciated.

Sincerely,
Ruben Hernandez
Ruben Hernandez
Respondent, Pro Se

